IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN ADI, § | | |
| TDCJ-CID # 878039, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-04-3311 |
| § | | |
| DOUG DRETKE, § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM OPINION AND ORDER**

John Adi, a Texas prisoner, has filed a petition for a writ of habeas corpus challenging five state convictions under 28 U.S.C. § 2254. Respondent Doug Dretke has filed a Motion for Summary Judgment (Docket Entry No. 9) seeking dismissal of the petition, and Adi has responded. After considering the pleadings, the response, the applicable law, and the records, the court **GRANTS** the motion and **DISMISSES** the petition.

**I. Procedural History**

A jury found Adi guilty of engaging in organized criminal activity and sentenced him to seventy years of imprisonment. *State v. Adi*, No. 802683 (337th Dist. Ct., Harris County, Tex., Apr. 21, 1999). *See Ex parte Adi*, No. 58,739-01 (Tex. Crim. App. Jul. 28, 2004) at 186. Adi appealed; the Court of Appeals for the First Judicial District of Texas affirmed the trial court's judgment and sentence. *Adi v. State*, 94 S.W.3d 124 (Tex. App. – Corpus Christi, 2003, pet. ref'd). Adi filed a petition for discretionary review (PDR) which was refused on March 19, 2003. *Adi v. State*, No. 0056-03. On February 23, 2004, Adi filed an application for a writ of habeas corpus, pursuant to Article 11.07 of the Texas Code of Criminal Procedure, in the 337th District Court. The application

was forwarded to the Court of Criminal Appeals where it was denied without a written order on July 28, 2004. *Ex parte Adi*, No. 58,739-01, at cover. The pending federal habeas petition was then filed with this court on August 17, 2004.

## II. Petitioner's Grounds for Relief

Adi presents the following claims:

1. Adi's due process rights were violated because there was no evidence to support a finding that Adi committed theft, an essential element of the crime for which he was convicted. The conviction was based on the law of parties theory which was not presented in the indictment and the jury charge.

2. There was insufficient evidence to support Adi's conviction for engaging in criminal activity.

3. Adi was denied effective assistance of counsel at trial because his attorney:
   a. failed to object to the prosecutor's closing argument; and
   b. failed to object to the admission of a chart.

4. Adi was denied effective assistance of counsel on appeal because his appellate attorney:
   a. failed to argue that the evidence was insufficient;
   b. failed to argue that the inclusion of a lesser included offense and the law of the parties instruction was erroneous; and
   c. failed to argue that the trial court erred in denying his request for additional jury instructions.

5. The state district court erred in denying an evidentiary hearing during the state habeas proceeding and presuming the State's habeas findings to be correct.

## III. Factual Background

The First Court of Appeals summarized the following facts and events relating to the offense as they were presented at trial:

> This case involves an intricate plan of insurance fraud which operated as follows: An attorney would recruit individuals to feign injuries from staged automobile accidents. The attorney would then refer these individuals to a clinic for treatment. The clinic would falsify medical reports, and bills indicating these

individuals had been treated for their injuries. These bills would be submitted by the attorney to insurance companies as a part of the demand for settlement. Upon settlement, the proceeds would be split between the individuals feigning injury, the attorney, and the clinic.

In the instant case, Kelly Liesman, a peace officer employed by the Texas Department of Insurance, was assigned to investigate this fraudulent scheme. Liesman met with an informant, and the two developed a sting operation whereby Liesman and two other officers fabricated an accident report, and met with attorney Reginald Ike. Liesman told Ike that no accident had occurred. Nevertheless, Ike instructed Liesman to report to Bethsaida Medical Clinic for treatment of her nonexistent injuries. Appellant had an office at the clinic. Liesman made three visits to the clinic. She later met in Ike's office with Ike and appellant. At this meeting, appellant insisted that Liesman sign a sheet of paper reflecting additional fictitious visits. Liesman complied with this request. Ike subsequently made a demand of the insurance company, and received a settlement totaling $39,000. Liesman then again met with Ike for the purpose of distributing the funds. At this meeting, Ike wrote checks totaling $15,000 to Liesman and her two associates. Ike wrote another check for $6,000 to a company named Health South. Liesman assumed Ike kept the remaining $18,000. Liesman further testified that appellant did not attend this meeting and she did not know if appellant received any of the settlement proceeds.

Eric Flynn was the informant who worked with Liesman. Flynn was aware Liesman was a peace officer. Flynn had been one of the first to engage in this scheme to collect insurance proceeds. Flynn testified to numerous meetings where Ike, appellant, and six to twelve others had schemed to defraud insurance companies. Mike Leonard, the complainant, was employed by Republic Western Insurance Company. Leonard testified that he set up a pretext insurance policy with Liesman for the purpose of detecting insurance fraud. As a result of the policy, Leonard issued the checks mentioned above to Ike as a part of the sting.

The indictment alleged, in pertinent part, that appellant did:

with the intent to establish and maintain and participate in a combination and the profits of a combination of three or more persons who collaborate in carrying on criminal activities, said combination consisted of at least three persons, including the defendant, commit the offense of theft by ... appropriating and otherwise exercising control over property, namely checks, owned by Mike Leonard and
 the Republic Western Insurance Company of a value of over $20,000 and less than $100,000, pursuant to one scheme and continuing course of conduct, with the intent to deprive the owner of the checks without the effective consent of the owner.

3

*Adi v. State*, 94 S.W.3d at 126-27 (footnotes omitted).

## IV. The Applicable Legal Standards

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The intent of the AEDPA is to prevent federal habeas "retrials" and to ensure that state-court convictions are given effect to the extent possible under the law, *Bell v. Cone*, 122 S.Ct. 1843, 1849 (2002), by limiting the scope of collateral review and raising the standard for federal habeas relief. *Robertson v. Cain*, 324 F.3d 297, 306 (5th Cir. 2003).

Under the AEDPA, federal relief cannot be granted on claims adjudicated on the merits in state court unless the state adjudication was (1) contrary to clearly established federal law as determined by the Supreme Court, or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor,* 120 S.Ct. 1495, 1519 (2000)*, citing* 28 U.S.C. §§ 2254(d)(1) and (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Court's precedent. *Early v. Packer*, 123 S.Ct. 362, 365 (2002). A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams,* 120 S.Ct. at 1520, 1523. In deciding whether a state court's application was unreasonable, this court considers whether the application was objectively unreasonable. *Id.* at 1521

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual

determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state-court proceeding. *Miller-El v. Cockrell*, 123 S.Ct. 1029, 1041 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 123 S.Ct. at 1036.

These standards will be applied to the pending summary judgment motion.

## V. Analysis

A. Sufficiency of the Evidence - State Law Claim

In his first claim, Adi contends that there was "no evidence" or factually insufficient evidence to support his conviction. Such claims are based on Texas state law which is distinguishable from federal law established under *Jackson v. Virginia*, 99 S.Ct. 2781 (1979). *See Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996), *citing Jackson*. Adi's claim regarding factual sufficiency was presented in Adi's PDR which was refused by the Court of Criminal Appeals. The brief filed in support of the PDR, on December 9, 2002, addressed the State's burden under state law standards.

*See* Brief at 7 and 8 (inviting the Court of Criminal Appeals to revisit *McIntosh v. State*, 52 S.W.3d 196 (Tex. Crim. App. 2001). Claims involving admission of evidence in violation of state law do not qualify for relief under § 2254 because they do not assert the violation of a federal constitutional right. *See Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002). Furthermore, state law questions are not reviewable in federal habeas proceedings. *Estelle v. McGuire*, 112 S.Ct. 475, 480 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. ");

5

*Weeks v. Scott*, 55 F.3d 1059, 1062-62 (5th Cir. 1995) (it is not a federal habeas court's function to review a state's interpretation of its own law). Therefore, Adi's claim regarding no evidence or factually insufficient evidence, which is based in state law, will be denied.

### B. Insufficiency of the Evidence - Federal Law Claim

Adi included a claim of insufficient evidence in violation of the United States Constitution in his state habeas application. *Ex parte Adi*, No. 58,739-01, at 7. The state district court found that such claims are not cognizable in state habeas proceedings. *Id*. at 173. Under Texas law, a claim of insufficiency of the evidence is not cognizable in a post-conviction application for a writ of habeas corpus. *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994), *citing Ex parte McWilliams*, 634 S.W.2d 815 (Tex. Crim. App. 1982); *Ex parte Easter*, 615 S.W.2d 719, 721 (Tex. Crim. App. 1981). This procedural bar has been recognized by the United States Court of Appeals for the Fifth Circuit. *West v. Johnson*, 92 F.3d 1385, 1398 n.18 (5th Cir. 1996). ("Although the Court of Criminal Appeal's denial of habeas relief stated no reasons, that court, as we have held, has long held that the sufficiency of the evidence may only be raised on direct appeal, and may not be raised in state habeas."), *citing See Clark v. Texas*, 788 F.2d 309, 310 (5th Cir.1986); *McWilliams*, 634 S.W.2d at 818. *See also Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994).

The Fifth Circuit has held that the language in the Court of Criminal Appeals' statement "Application denied without written order" (*See Ex parte Adi,* No.58,739-01) implies that the Court rejected sufficiency of the evidence claim on the merits rather than on procedural ground such as would procedurally bar claim in federal court. *See Bledsue v. Johnson*, 188 F.3d 250, 256 n.12 (5th Cir. 1999). However, in the present action the trial court explicitly found that the sufficiency of the evidence claim was procedurally barred. No. 58,739-01, at 173. Moreover, since *Bledsue* the Court of Criminal Appeals has held that although a denial without a written order generally signifies a

6

ruling on the merits, claims regarding sufficiency of the evidence will always be procedurally barred by that court in a post conviction habeas proceeding. *Ex Parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004) ("where an applicant challenges the sufficiency of the evidence on an application for a writ of habeas corpus, and we subsequently dispose of the application by entering a denial without written order, the applicant's sufficiency claim was denied because the claim is not cognizable*.*"). *See also Patz v. Dretke,* No. H-05-0602, 2005 WL 2621552, at *5 (S. D. Tex. Oct 14, 2005) ("[Habeas petitioner's] failure to raise his [sufficiency of the evidence] claim in a procedurally proper manner deprived the state court of the opportunity to review the claim, resulting in a procedural default."). In light of the clear language in *Grigsby*, this court must conclude that the federal sufficiency of the evidence claim was barred by the Court of Criminal Appeals on procedural grounds. *See Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 111 S.Ct. 2546, 2565 (1991).

To establish cause, Adi must show that some objective external factor impeded his ability to present his claim in his first state habeas application. *See Dowthitt v. Johnson*, 230 F.3d 733, 752 (5th Cir. 2000). Adi offers no explanation as to why the sufficiency of the evidence claim under federal law was not raised on direct appeal other to claim that his attorney was ineffective for failing to include in his appeal. However, Adi's attorney did challenge the sufficiency of the evidence on state grounds. Adi has not shown that his conviction would have been overturned if his appeal had been handled differently. *See Pickney v. Cain*, 337 F.3d 542, 545 (5th Cir. 2003). Consequently.

Adi has not established cause for his failure to raise the claim. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996), *citing Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir.1992). Adi has also failed to demonstrate that the failure to consider the claim will result in a fundamental miscarriage of justice because he has not presented any new and reliable proof that he is actually innocent of the charges. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999), *citing Schlup v. Delo*, 115 S.Ct. 851 (1995). Therefore, his federal sufficiency of the evidence claim will be denied as procedurally barred.

### C. Ineffective Assistance of Counsel at Trial

Adi claims that his trial counsel was ineffective when he failed to object to the prosecutor's closing argument and when he failed to object to the admission of a chart. The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 104 S.Ct. 2052 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 2064. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 104 S.Ct. at 2064. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result

of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland,* 104 S.Ct. at 2066. Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 2068. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 113 S.Ct. 838, 844 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the defendant of any substantive or procedural right to which he is entitled. *Id.*

    1. <u>Closing Argument</u>

Adi contends that his attorney was deficient by allowing the prosecutor to improperly vouch for the State's witnesses during closing argument. The following argument is at issue:

> There was a lot of work done on this case, I'll admit. I have lived with this case for a long, long time, and I feel that it is that important. There was a lot of manpower put into the case. Kelley Liesman, Mark Menefee, they put in countless hours. You can see the tapes, miles of surveillance tapes. The amount of work that was done on this case is incredible. Kelley Liesman is a good cop. There are a lot of cops out there -- and you have seen them -- they just go to the donut shop, they sit there, they don't care, they don't do anything, they are not out there working for your interests, they are just taking a salary and just living. These cops care. They have worked hard, they have done a good job. Don't punish them with your verdict. Send a message to them. Tell them good, keep working, keep out there. Send a message to the Nigerian lawyers, or that group that is still out there. They are listening to what you have to say. What do you want to tell them? We are soft on it? Send them a message, get them out of town, because it is a pity that we have to put up with this. And I would ask you with your verdict to send a message loud and clear: Guilty of engaging in organized criminal activity. And I thank you very much for your time and consideration.

Volume 7 Trial Statement of Facts (SOF) at 82-83.

9

Under Texas law, a prosecutor during final argument may: make a summation of the evidence; make any reasonable deduction from the evidence, answer an argument of the opposing counsel, and make a plea for law enforcement. *Bigby v. State*, 892 S.W.2d 864, 889 (Tex. Crim. App. 1994). Adi's attorney had previously attacked the police officers' credibility by arguing that Adi had been singled out because Adi and his co-defendant, Reginald Ike, were Nigerian. 7 SOF 49 ("I think their real inference is, since Reginald Ike is Nigerian and John Adi is Nigerian, therefore, this is the organized Nigerian crime ring right here between John Adi and Reginald Ike. And I strongly object to that line of testimony, that they are trying to convict somebody on their ethnic origin."). The prosecutor's argument that the police officers were "good cops" and had worked hard to obtain a conviction was a proper response to the defense attorney's attack on their credibility. *Richards v. State*, 912 S.W.2d 374, 380 (Tex. App. – Houston [14th Dist.] 1995). Moreover, the argument was a proper plea for law enforcement, and Adi's defense attorney was not ineffective for failing to make an objection. *Id.*; *see also United States v. Duffaut*, 314 F.3d 203, 210 (5th Cir. 2002) (prosecutors may call upon the jurors to act as the conscience of the community).

2. Organizational Chart

Adi complains that his attorney was deficient when he failed to object to a chart which detailed the organization behind the insurance scheme. "It is well established that the trial court has the discretion to permit the use of visual aids and charts in the summarizing of evidence." *Jarnigan v. State*, 57 S.W.3d 76, 92 (Tex. App.– Houston [14th Dist.] 2001, pet. ref'd), *citing Markey v. State*, 996 S.W.2d 226, 231 (Tex. App.– Houston [14th Dist.] 1999, no pet.). Such charts are particularly appropriate and useful in limiting potential confusion resulting from testimony concerning several parties involved in various alleged criminal transactions. *Id.* Adi's attorney cannot be held to be deficient for failing to raise an objection which would have been overruled. *Meanes v. Johnson*, 138

10

F.3d 1007, 1012 (5th Cir. 1998). Moreover, Adi is not entitled to relief because there is no indication that the jury placed undue weight on the chart as evidence to the extent that it prejudiced Adi's defense. *Galvan v. Cockrell*, 293 F.3d 760, 766 (5th Cir. 2002).

### D. Ineffective Assistance of Appellate Counsel

Adi complains that his appellate counsel failed to argue that the evidence was insufficient; failed to argue that the inclusion of a lesser included offense and the law of the parties instruction was erroneous; and failed to argue that the trial court erred in denying his request for additional jury instructions. Persons convicted of a crime also are entitled to effective assistance of counsel on direct appeal. *Evitts v. Lucey,* 105 S.Ct. 830 (1985). An appellate counsel's performance is reviewed under the *Strickland* standards. *See Goodwin v. Johnson,* 132 F.3d 162, 170 (5th Cir. 1998). A petitioner must allege and present facts that, if proven, would show that his attorney's representation was deficient and that the deficient performance caused him prejudice. *See Strickland,* 104 S.Ct. at 2064; *Jones v. Jones,* 163 F.3d 285, 300 (5th Cir. 1998). Effective assistance of appellate counsel does not mean that counsel will raise every available nonfrivolous ground for appeal. *Evitts,* 105 S.Ct. at 835; *West,* 92 F.3d at 1396. Nor will counsel be deficient for failing to press a frivolous point. *Williamson*, 183 F.3d at 462. Rather, it means, as it does at trial, that counsel performs in a reasonably effective manner. *Evitts,* 105 S.Ct. at 834-35 A reasonable attorney has an obligation to research relevant facts and law and make informed decisions as to whether avenues will, or will not, prove fruitful. *Strickland,* 104 S.Ct. at 2066.

Adi's claim regarding his attorney's alleged failure to raise insufficiency of the evidence on appeal is not supported by the record. His attorney did argue insufficient evidence on direct appeal. *See* Appellant's Brief, at 12. Adi's attorney cannot be held to be deficient for not covering every possible ground. *Sharp v. Puckett*, 930 F.2d 450 (5th Cir. 1991). Moreover, Adi has

11

failed to demonstrate that he would have prevailed regarding a challenge to the sufficiency of the evidence under *Jackson v. Virginia*. *See Smith v. Robbins*, 120 S.Ct. 746, 764 (2000).

Adi's argument regarding inclusion of the lesser included offense of theft and the law of parties is unavailing because he was not convicted of theft and the law of parties was only applied to the theft charge. *See Adi*, 94 S.W.3d at 130 n.6; *Coleman v. Jones,* 909 F.2d 447, 449 (11th Cir. 1990) (jury instruction on lesser included offense was harmless error where defendant was not convicted of lesser included offense).

In his last ground regarding his appellate attorney's alleged deficiency, Adi contends that his attorney should have argued that the trial court erred by not including the following jury instruction:

> To establish, John Adi, the defendant, guilty of organized criminal activity, it must be shown that he committed the enumerated crime with the specific intent of participating in the criminal activity with a combination of persons and that he also possessed the intent to participate in the profits of the combination; thus in order to prove intent, the State must show that the accused knew of the criminal activity of the group.
>
> *See Ex parte Adi*, at 100, *citing* 7 SOF 38.

However, the instructions requested were substantially similar to those in the charge Transcript at 910-11

> The defendant, John Adi, stand charged by indictment with the offense of engaging in organized criminal activity, alleged to have been committed on or about September 16, 1997 and continuing through and including January 29, 1998, in Harris County, Texas. . . .
> A person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination, he commits theft. . . .

Further, the instructions reflected the language of the Texas Penal Code. TEX. PENAL CODE § 71.02. Accordingly, Adi cannot show that his appellate attorney was deficient for failing to

challenge a jury instruction that complied with the law. *See United States v. Williams*, 132 F.3d 1055, 1061 (5th Cir. 1998); *Reyes v. State*, 741 S.W.2d 414, 424 (Tex. Crim. App. 1987).

Adi has failed to demonstrate that he was denied effective assistance of counsel at trial or on appeal and there is no indication that state courts' determination of the ineffective assistance of counsel claims were contrary to or an unreasonable application of constitutional law as clearly established by the Supreme Court. Nor was the decision an unreasonable determination of the facts. The claims shall be **DENIED**.

### E. Evidentiary Hearing - State Habeas Proceedings

Adi contends that the state district court wrongly denied him an evidentiary hearing before resolving the issues presented in his state habeas application. It is well established that "infirmities in state habeas proceedings do not constitute grounds for relief in federal court." *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999), *quoting Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997). The state is under no constitutional obligation to provide post-conviction remedies. *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir. 1987). Any constitutional error must be identified at trial or on direct appeal. *Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999). Moreover, the Fifth Circuit has upheld the validity of the Texas courts' use of 'paper hearings' in post-conviction habeas challenges. *See Livingston v. Johnson,* 107 F.3d 297, 303 (5th Cir. 1997). Such a claim does not actually challenge the detention, instead it is a challenge to a proceeding collateral to the detention. *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995). Accordingly, Adi is not entitled to habeas relief.

Therefore, this action should be dismissed because Adi has failed to demonstrate that he is entitled to habeas relief.

## VI. Certificate of Appealability

Under 28 U.S.C. § 2253, Adi needs to obtain a Certificate of Appealability before he can appeal this Memorandum and Order dismissing his petition. To obtain a Certificate of Appealability, Adi must make a substantial showing of the denial of a constitutional right. *Williams v. Puckett*, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing, Adi must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Memorandum Opinion and Order, Adi has not made a substantial showing of the denial of a constitutional right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). The Court **DENIES** the issuance of a Certificate of Appealability in this action.

## VII. Conclusion

The Court **ORDERS** the following:

1. Respondent's Motions for Extensions of Time (Docket Entry Nos. 7 and 8) are **GRANTED**.

2. Respondent's Motion for Summary Judgment (Docket Entry No. 9) is **GRANTED**.

3. Adi's Motion for Hearing (Docket Entry No. 11) is **DENIED**.

4. This action is **DISMISSED**, with prejudice.

5. A Certificate of Appealability is **DENIED**.

**SIGNED** on this 21st day of March, 2006.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE